UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 15-3203** |
| | * | |
| **LEE BANKSTON** | * | **SECTION "L" (2)** |
| | * | |

## ORDER & REASONS

Before the Court is Plaintiff United States of America's ("United States") Motion for Summary Judgment, R. Doc. 18. Defendant Bankston does not oppose the Motion. Having reviewed the Plaintiff's brief and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This is a case to recover defaulted student loans owed to the United States Department of Education. On August 3, 2015 the United States, on behalf of the Department of Education, filed a Complaint alleging Bankston defaulted on multiple student loans, and owes the principal balance, pre- and post- judgment interest, and costs of this proceeding. R. Doc. 1. The United States attached two certificates of indebtedness alleging that as of July 30, 2014, Bankston owed $61,866.99. R. Doc. 1-1; R. Doc. 1-2. The United States also seeks interest on the promissory notes. R. Doc. 1 at 3.

On June 2, 2016, Bankston filed her Answer and admitted the existence of the loan, but denied the specific amounts owed due to lack of information and belief. R. Doc. 13. Bankston asserted the affirmative defense of total and permanent disability, and seeks a discharge of her loan under 34 C.F.R. 674.61 (b), which allows a borrower to discharge certain student loans if they are totally and permanently disabled. R. Doc. 13. Bankston stated she intends to apply for a discharge after locating her Social Security Administration notice of award, or completing a physical examination. R. Doc. 13. However, she has not yet provided any such information.

1

## II. PRESENT MOTION

### A. Plaintiff United States' Motion for Summary Judgment

The United States filed a motion for summary judgment seeking the amount owed to the Department of Education, plus interest and costs of the proceedings, contending that there is no genuine dispute over any material facts. R. Doc. 18-3 at 1, 3-4. In their motion, the United States relies on Fifth Circuit precedent requiring the government to establish: "(1) Bankston signed the note; (2) the United States is the current owner or holder of the note; and (3) the note is in default." R. Doc. 18-3 at 3. Once demonstrated, the burden shifts to Bankston to establish that the notes do not exist, the debt has been extinguished, or there has been variance in the payments of her obligation. R. Doc. 18-3 at 3.

The United States attached Bankston's signed promissory notes and furnished proof of ownership of the notes and evidence of Bankston's defaults. R. 18-4. The United States avers that Bankston has not established nonexistence of the notes, extinguishment of the debt, or variance in the payment of her obligation. R. Doc. 18-3 at 4. Therefore, the United States argues, Bankston has failed to set forth facts showing a genuine dispute and cannot survive the motion for summary judgement. R. Doc. 18-4 at 4.

### B. Defendant Bankston's Opposition

The defendant does not oppose the government's Motion.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Discussion

The Fifth Circuit notes that "suits on promissory notes provide fit grist for the summary judgment mill." *Federal Deposit Ins. Corp. v. Cardinal Oil Well Serving Co.,* 837 F.2d 1369, 1371

(5th Cir. 1988). Because of the relative simplicity of the legal issues involved, suits over promissory notes are particularly well suited to a motion for summary judgment. *Colony Creek, Ltd. v. Resolution Trust Corp.*, 941 F.2d 1323, 1325 (5th Cir. 1991).

To prevail on a summary judgment motion in a suit on a promissory note, the United States must establish that: (1) the Bankston signed the promissory notes; (2) the United States is the present owner or holder of the promissory notes; and (3) the promissory notes are in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Once the United States satisfies this burden of proof, the burden then shifts to the Bankston to establish some nonexistence, extinguishment, or variance in payment of the obligation. *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *United States v. Bright*, No. 11-1518, 2011 WL 6652504 at *2 (E.D. La. Dec. 21, 2011). If this burden is not met, summary judgment in favor of the United States is appropriate. *See Lawrence*, 276 F.3d at 197.

The United States attached Bankston's signed promissory notes as R. Doc. 18-4, sufficiently establishing that Bankston signed the promissory notes. The United States also attached two certificates of indebtedness certifying under penalty of perjury that the United States Department of Education acquired the promissory notes and that Bankston has failed to make payments. R. Doc. 1-1; R. Doc. 1-2. Thus, the United States has satisfied the burden of proof required for summary judgment, and the burden has shifted to Bankston to establish some nonexistence, extinguishment, or variance in payment of the obligation. Bankston has failed to raise a genuine issue of material fact in regards to the nonexistence, extinguishment, or variance in payment of the obligation.

However, if the Department of Education grants plaintiff's disability discharge application, the Department of Education can instruct the Department of Justice to halt collection

on this judgment. *See Bright,* 2011 WL 6652504 at *2 n.6; *United States v. Bertucci*, No. 00-0078, 2000 WL 1234560 at *3 (E.D. La. Aug. 29, 2000). This court does not have jurisdiction to discharge Bankston's loan; that power lies with the Department of Education. *See Bright*, 2011 WL 6652504 at *2 n.6. Thus, while Bankston has failed to provide evidence sufficient to defeat summary judgment, she still has a right to present evidence of her total and permanent disability if she eventually obtains such evidence.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for summary judgment, R. Doc. 18, is hereby **GRANTED.** However, the Court reserves Defendant Bankston's right to present evidence of her total and permanent disability in support of discharge if such evidence becomes available.

New Orleans, Louisiana, this 12th day of October, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE